UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANTHONY W. REED,                )
                                )
          Plaintiff,            )
     vs.                        )    No. 1:06-cv-1761-SEB-JMS
                                )
TOM HANLON, et al.,             )
                                )
          Defendants.           )

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be **granted.**

**I. Background**

The plaintiff in this civil rights action is Anthony Reed ("Reed"), an inmate formerly confined at the Correctional Industrial Facility ("CIF"), an Indiana prison operated by the Indiana Department of Correction ("DOC"). The defendants are: 1) CIF Superintendent Tom Hanlon; 2) CIF Lt. M. Fabian ("Lt. Fabian"); 3) CIF Officer S. Briggs ("Officer Briggs"); 4) Case Work Manager D. Hummel ("Hummel"); 5) Correctional Counselor C. Duncan ("Duncan"); 6) CIF Lt. J.B. Myers ("Lt. Myers"); and 7) CIF Correctional Counselor and Acting Tort Claims Investigator J. Franklin Elliott ("Elliott").

The defendants are sued in both their individual and their official capacities.[1] Reed asserts several claims here, these being claims of retaliation, destruction of personal

---

[1] The claims for damages asserted against the defendants in their official capacities are, "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). These claims are **dismissed** as legally insufficient because (1) the State of Indiana is not a "person" subject to suit pursuant to that statute, and (2) the State cannot be sued in federal court under the circumstances presented here because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

property, failure to intervene, and being subjected to the issuance of a false conduct report. He alleges that the defendants violated his rights pursuant to the First, Fourteenth and Eighth Amendments to the Constitution. He also asserts a state law tort claim. As noted, the defendants seek resolution of Reed's claims through the entry of summary judgment.

## II.  Summary Judgment Standard

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED.R.CIV.P.** 56(c). This occurs when, reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact that must be decided by a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252-55 (1986); *Bell v. Duperrault,* 367 F.3d 703, 707 (7th Cir. 2004); *Brademas v. Ind. Hous. Fin. Auth.,* 354 F.3d 681, 687 (7th Cir. 2004). To survive summary judgment, the non-movant must set forth "specific facts showing that there is a genuine issue for trial." **FED.R.CIV.P.** 56(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 248). Summary judgment is not a disfavored procedural shortcut; rather, it is an integral part of the federal rules, which are designed to secure the just and expeditious determination of every action. *United Ass'n of Black Landscapers v. City of Milwaukee,* 916 F.2d 1261, 1267-68 (7th Cir. 1990).

Because Reed is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), was issued. Through this notice, Reed was notified of the nature of the defendants' motion, of the proper manner in which to respond and of the consequences of failing to respond. He has responded with evidentiary materials, a statement of material facts, a written declaration and a supporting brief.

## III.  Undisputed Facts

There was a security lock-down of the CIF beginning on December 27, 2005, and ending December 30, 2005.  Lt. Fabian was involved in the security searches in Housing Unit A during the lock-down on December 27, 2005. Cell 4B-4A, housing Reed and a cellmate, was searched on December 27, 2005. Other cells and other offenders in Reed's housing unit were subjected to security searches at the same time on December 27, 2005.

Officer Briggs searched Reed's cell, among others. Officer Briggs confiscated from Reed's cell items which Officer Briggs observed to be altered or unauthorized personal property. A conduct report was based on the contraband found in Reed's cell. The confiscated property was retained as evidence for the disciplinary hearing on the conduct report.

The Disciplinary Hearing Board ("DHB") met on January 11, 2006, concerning Reed's conduct report. The DHB found Reed guilty of a Code 353 violation for "Unauthorized Possession/Alteration of Personal Property." He was sanctioned with a

written reprimand. Hummel is the chairman of the DHB which decided the conduct violation described above. Reed appealed the decision of the DHB and the appeal was denied by Superintendent Hanlon on February 8, 2006.

The confiscated property was not returned to Reed once he was found guilty by the DHB of a Code 353 violation, pursuant to CIF policy. CIF operational procedure #02-01-101 (the "Policy") regulates the disposition of property seized as evidence in an alleged conduct violation. Section P(8)(c) of the Policy instructs that when an offender is found guilty of a code violation and the seized property of the offender is part of the evidence relied upon by a DHB in arriving at the finding, the seized property may be held by the Internal Affairs office for one year. After the one year has expired, such property determined to be contraband shall be destroyed. Property determined to be prohibited property may be disposed of by the offender via mail, gate release, donation or destruction.

Reed submitted a "Notice of Loss or Property – Tort Claim" on February 16, 2006, for missing commissary and electronic items. Reed's tort claim was denied at the facility level by Acting Tort Claims Investigator Elliott.

## IV.  Discussion

Reed's federal claims are asserted pursuant to 42 U.S.C. § 1983. This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). The court has supplemental jurisdiction over the claim under Indiana law.

A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

### A.  Retaliation Claims

Reed's first claim is that various actions were taken against him in retaliation for his filing grievances. He contends that such actions violated his rights pursuant to the First Amendment to the Constitution. To prevail on a First Amendment retaliation claim, a plaintiff must prove that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a motivating factor in the state actor's decision to take adverse action. *Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005); *Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)). "Prisoners' grievances, unless frivolous, concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment." *Hasan,*

3

400 F.3d at 1005 (internal citation omitted). "A motivating factor is a factor that weighs in the defendant's decision to take the action complained of--in other words, it is a consideration present to his mind that favors, that pushes him toward, the action." *Id.* at 1006.

Reed alleges that on December 27, 2005, Lt. Fabian ordered Officer Briggs to search Reed's cell in retaliation for Reed having filed, on July 13, 2005, a letter requesting that Lt. Fabian not be permitted to participate in a disciplinary hearing because of Lt. Fabian's biased behavior. Reed also alleges that Lt. Fabian's conduct on December 27, 2005, was in retaliation for Reed having filed a grievance on December 2, 2005, complaining about the poor quality of his mattress. In response to that grievance Reed was informed that Lt. Fabian was responsible for mattress requests, but that there were none available.[2]

Here, the record is undisputed that defendant Officer Briggs conducted the search of Reed's cell as one of many cell searches during a security lock-down of the CIF on December 27, 2005. Reed's cell was not the only one searched during the lock-down. Reed has not presented any admissible evidence that Lt. Fabian ordered Officer Briggs to personally conduct the search of Reed's cell even though other officers were in the process of performing the search. Even accepting this allegation as true for purposes of the motion for summary judgment, Reed has presented no admissible evidence of the defendants' motivation. Reed's allegation that Lt. Fabian instructed Officer Briggs to stop searching another cell, go to Reed's cell and search and take "everything" Reed owned, even if true, does not constitute probative evidence of any particular motive.

Reed's speculation that his having filed a letter complaining about Lt. Fabian's bias six months prior to the search (July 13, 2005) does not constitute evidence, nor is it probative given the length of time between the two events. In addition, when he filed his December 2, 2005, grievance, Reed did not know Lt. Fabian was responsible for mattress distribution and his grievance was not directed at nor did it mention Lt. Fabian. Reed's request was placed on a list and he was informed that when more mattresses were received at the prison, he would receive one. Even though closer in time, the circumstances around Reed's December 2, 2005, grievance provide no basis for finding a genuine issue of fact as to Lt. Fabian's motivation for ordering the search of Reed's cell. Lacking evidence other than speculation, Reed's retaliation claims do not survive summary judgment. *See Hasan,* 400 F.3d at 1005. Lt. Fabian and Officer Briggs are entitled to summary judgment as to the retaliation claims.

---

[2] Reed further alleges that Officer Briggs' excessive search of his cell was done in retaliation for Reed having filed a petition for writ of habeas corpus on October 20, 2005, *Reed. v. Hanlon*, No. 1:05-1594-RLY-TAB, in which Reed challenged a disciplinary proceeding. Reed alleges Officer Briggs was directly involved as a party/respondent in the habeas action, but this is not true. The court takes judicial notice of the habeas petition and the fact that the only respondent was the custodian, and Officer Briggs' name did not appear in the papers relating to the conduct report or appeals. Accordingly, there is no factual basis for this claim of retaliation.

### B. Remaining Federal Claims

The remaining claims in this case can be disposed of with little discussion.[3] When a plaintiff brings an action under 42 U.S.C. § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

Reed asserts a due process challenge to the procedures and findings of disciplinary proceedings. Reed alleges that when he was charged with possessing or altering personal property, the disciplinary hearing was procedurally defective because it was not held within seven (7) working days, pursuant to Department of Correction policy. Another alleged procedural defect is that defendant Hummel refused to allow Reed to view the seized property and instead relied only on a list of property written by Officer Briggs. Reed further alleges that the reason for decision stated by the conduct board was defective because the date listed on the form was incorrect. He alleges also that Superintendent Hanlon allowed defendant Elliott to act in more than one capacity in various grievance proceedings. None of these allegations, however, state a claim upon which relief can be granted under § 1983. The only sanction imposed against Reed was a written reprimand. This sanction does not constitute the taking of a liberty or property interest. Under these circumstances, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). *See also Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006). Here, there is no due process violation. Without a predicate constitutional violation, Reed cannot make out a *prima facie* case under § 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992). Accordingly, the due process claims against defendants Elliott, Hummel, and Superintendent Hanlon fail to state a claim upon which relief can be granted and those defendants are entitled to summary judgment as a matter of law.

Reed also alleges that his due process rights to be free from unfounded charges were violated when Officer Briggs allegedly filed a false conduct report against him. This claim fails to state a claim upon which relief can be granted because an "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (the filing of unfounded charges is not *per se* a constitutional

---

[3]To the extent Reed asserts a federal claim for the loss or destruction of personal property against Officer Briggs, such claim is not cognizable under 42 U.S.C. § 1983, because an intentional and unauthorized deprivation of property "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Here, Reed could pursue at least the remedies of (a) an action for conversion and/or theft under Indiana law, and (b) a claim against the defendant under Indiana's Tort Claims Act. IND. CODE § 34-13-3-1, *et seq.*; *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 383 (7th Cir. 1988); *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987); *Thurman v. Rose*, 575 F. Supp. 1488 (N.D.Ind. 1983). Indeed, Reed alleges that he did, in fact, file a state law tort claim alleging the loss or destruction of his personal property.

violation); *see also Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir.2006); *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir.1999) ("even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process."); *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984). Again, Reed received all of the process to which he was entitled because the sanction of a written reprimand does not rise to the level of a federally protected liberty interest. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (disciplinary case, even if fabricated, implicated no federally protected liberty interest where segregation and transfer were sanctions).

Reed further alleges that defendants Lt. Fabian, Lt. Meyers and counselor Duncun acted with deliberate indifference in violation of the Eighth Amendment to the Constitution when they refused to intervene on Reed's behalf and stop Officer Briggs from destroying and seizing all of Reed's property during the search of his cell.[4] A state actor may be liable under a theory of failing to intervene to prevent unconstitutional harm when (a) that individual was present and had reason to know that a constitutional violation was being committed by a law enforcement officer, and (b) he had a realistic opportunity to prevent the harm from occurring. *Yang v. Harden,* 37 F.3d 282, 285 (7th Cir. 1994); *Lewis v. Richards,* 107 F.3d 549, 553 (7th Cir. 1997. A prisoner does not have a constitutional right to not have his cell searched. None of these individuals witnessed, nor had an obligation to witness, the search conducted by Officer Briggs. Under these circumstances, Lt. Fabian, Lt. Meyers and counselor Duncun had no reason to believe that a constitutional violation was being committed and therefore those defendants are entitled to summary judgment as a matter of law as to the failure to intervene claim asserted against them.

### C. Supplemental State Law Claim

Reed appears to assert a supplemental state law tort claim alleging that Officer Briggs destroyed or lost some of his personal property.

This court's jurisdiction over the supplemental state law claim is conferred by 28 U.S.C. § 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3). "[W]hen deciding to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

This is an appropriate case in which to retain and exercise jurisdiction over Reed's supplemental state law claim. *Miller Aviation v. Milwaukee County Bd. of Supervisors,* 273 F.3d 722, 731 (7th Cir. 2001) ("[W]hen the district court, in deciding a federal claim, decides

---

[4]Reed's claim that Officer Briggs' search violated the Eighth Amendment is frivolous. Reed alleges that Officer Briggs' search contaminated certain commissary and food items. Even if true, such conduct did not deprive Reed of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation omitted).

an issue dispositive of a pendant claim there is no use leaving the latter to the state court.") (quotation omitted).

Reed does not present any evidence showing that Officer Briggs did, in fact, destroy or misplace Reed's property. Nor has Reed offered evidence of what property was allegedly damaged or lost. Moreover, Reed cannot maintain an action against Officer Briggs if he was acting within the scope of his employment. *Higgason v. State*, 789 N.E.2d 22, 29-30 (Ind.Ct.App. 2003); IND. CODE § 34-13-3-5(b). Even liberally construed, Reed has not presented admissible evidence sufficient to support the elements of any state law claim for the loss or destruction of personal property. Accordingly, to the extent Reed alleges such a claim, Officer Briggs is entitled to summary judgment.

### V. Conclusion

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)). Reed has not identified a genuine issue of material fact as to his claims in this case, and the defendants are entitled to judgment as a matter of law. The defendants' motion for summary judgment is therefore **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/13/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana